UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ANNE M. BRADLEY,                      :
     Plaintiff,                       :
          v.                          :     No. 3:11cv238(SRU)
JAMES W. ABRAMS, et al.,              :
     Defendants.                      :
------------------------------------------X
```

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Anne M. Bradley, the plaintiff, moves for reconsideration of the order approving and adopting Judge Garfinkel's recommended ruling dismissing her case. Bradley, appearing pro se, challenged an eviction by her former landlord, the Connecticut state court proceedings relating to that eviction, and her commitment to a psychiatric hospital in Minnesota during the pendency of those state court proceedings. Plaintiff's complaint sets forth a total of eleven claims arising from those events. (doc. #1, pgs. 12-23).

The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The three principal grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478). "Where, as here, a

plaintiff is proceeding *pro se,* this Court 'read[s] his papers liberally, interpreting them 'to raise the strongest arguments that they suggest.'" *Lauria v. United States*, 3:96CR185(PCD), 2007 WL 1064319, at * 2 (D. Conn. Apr. 5, 2007) (citing *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003).  Motions for reconsideration will not be granted where the party merely seeks to re-litigate an issue that has already been decided.  *Shrader*, 70 F.3d at 257.

On March 30, 2012, Judge Garfinkel issued a recommended ruling to dismiss Bradley's complaint (doc. #9), which I adopted in full (doc. #11).  Bradley, the plaintiff, has not provided a basis for reversing that decision.  The plaintiff has not asserted an intervening change of controlling law or the availability of any new evidence.  Thus, the plaintiff must show that the original judgment contains a clear error or results in manifest injustice.  Here, there has been no clear error or manifest injustice.

It may be true that the plaintiff had a valid housing claim and that she was treated unfairly by many individuals; however, this court cannot help her for the reasons set forth in this court's original order.  First and foremost, this court is precluded from providing relief to the plaintiff for review of her state law proceedings.  Under 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id.*  Thus, the plaintiff's claims relating to her prior state law actions may only be reviewed by appeal to the Connecticut Appellate Court and Supreme Court before appeal to the United States Supreme Court.  The District Court for the District of Connecticut is barred from ruling on these claims because it lacks jurisdiction.

The *Rooker-Feldman* doctrine similarly prevents the plaintiff from seeking relief in this court.  That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), after losing on their claims in state court, the plaintiffs sought relief in Federal District Court alleging that the state court judgment violated the Constitution. *Id.* at 414-15. The court held, even if the state court decision was wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Id.* Importantly, the Court held that "Federal District Courts . . . lacked the required appellate authority to hear the case as their jurisdiction was 'strictly original.'" *Id.* at 416. Only the United States Supreme Court has appellate authority to review a state court judgment from a state's highest court. *Id.*

Applying these doctrines, the court has no authority to hear the following claims: Claim #1 where the plaintiff asserts that the judges in Connecticut were indifferent to her medical needs and deliberately scheduled court proceedings when she had medical appointments (doc. #1, pgs. 12-14); Claim #2 where the plaintiff asserts her landlord's failure to diligently prosecute state court proceedings (doc. #1, pg. 14); Claim #3 disputing the state court's denial of her motion to disqualify Judge James Abrams (doc. #1, pg. 14); Claim #4 asserting failure of due process during state court proceedings (doc. #1, pgs. 16-18); Claim #5 asserting obstruction of justice in the state court proceedings (doc. #1, pg. 18); Claim #6 asserting "perversion of justice" against several judges; and Claims #7-10 which all relate to the state court proceedings. The common theme is that all of these claims allege failures at the state court level and thus this court has no jurisdiction to review those proceedings or the final decisions of those courts.

For the remaining claims involving Section 1983, the dismissal correctly stated that a plaintiff may not seek review of a state court judgment by recasting his or her complaint as a

civil rights action pursuant to Section 1983.  *Fariello v. Campbell*, 860 F. Supp. 54, 65 (E.D.N.Y. 1994).  For Section 1983 to provide relief, state actors are required.  Most of the state actors named — judges, other court personnel, and arbitrators— have immunity from suits for money damages.[1]  Thus, there was no clear error or manifest injustice in granting the motion to dismiss the Section 1983 claims against these plaintiffs.  The others alleged to have violated that statute are not state actors or did not act under color of state law.  They are private citizens, namely doctors or personnel relating to the plaintiff's Minnesota hospitalization, her landlord, landlord's girlfriend, and another tenant; and thus the plaintiff cannot seek relief under Section 1983.

Plaintiff does not allege clear error or manifest injustice in dismissing the remaining claims because there is none.  There was no clear error or manifest injustice in dismissing plaintiff's claim for obstruction of justice (there is no private right of action under 18 U.S.C. § 1503), plaintiff's claim for perjury against various defendants, and plaintiff's claims against the Department of Social Services.

Finally, this court lacks subject matter jurisdiction to hear the claims.  The plaintiff has failed to allege any colorable claim arising under the Constitution or federal statute or complete diversity of citizenship between the plaintiff and *all* defendants and an amount in controversy exceeding $75,000.  28 U.S.C. §§ 1331, 1332.  The court must immediately dismiss a case when it determines that subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).  Thus, there was no clear error in dismissing the claims for lack of subject matter jurisdiction.

For these reasons, Bradley's motion for reconsideration (doc. # 13) is DENIED.

It is so ordered.

---

[1] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judges have absolute immunity).  *See also Olivia v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (court clerks also have absolute immunity).

Dated at Bridgeport, Connecticut, this 27th day of March 2012.

/s/ Stefan Underhill
Stefan R. Underhill
United States District Judge